[No. 1593-3.    Division Three.    May 13, 1976.]

LINDA L. CRISPEN, *Appellant,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Norman R. McNulty, Jr.,* of *Spokane County Legal Services,* for appellant.

*Slade Gorton, Attorney General,* and *James M. Murphy, Assistant,* for respondent.

GREEN, J.—Linda L. Crispen and her children are recipients of Aid to Families with Dependent Children (AFDC), a public assistance grant. She receives $30 per month from Mr. Marshall who lives with the family. The sole question on appeal is whether this income should be deducted from Ms. Crispen's AFDC grant.

The resolution of this question involves the application of the following regulations:

WAC 388-28-530 NET CASH INCOME—BOARD, ROOM RENTAL, BOARD AND ROOM. (1) *The net income from operating a* rooming, boarding, or boarding and rooming home shall be computed as follows:

(a) Boarder—The board payment received minus $37,

(b) Roomer—*The room rental received minus $5,*

(c) Boarder and roomer—The board and room payment received minus $42.

(2) If a recipient is engaged in the management and operation of a rooming, boarding or boarding and rooming home, the net income as computed in accordance with subsection (1) (a), (b) and (c) is considered earned income to that recipient.

WAC 388-28-570 NET CASH INCOME—EXEMPT EARNED INCOME. . . .

(2) Earned income defined

(a) . . . Income from rentals is earned income, provided the individual has managerial responsibility for the rental property.

. . .

(6) Aid to families with dependent children

(a) Recipient—The first $30 plus one-third of the remainder of total gross monthly earned income shall be exempt in determining the continuing eligibility and the amount of assistance for which an AFDC recipient and his dependents are eligible.

(Italics ours.)

Prior to moving to Spokane, Ms. Crispen lived in Colville

and Mr. Marshall resided with her, paying her $30 a month. The Stevens County office of the Department of Social and Health Services (DSHS) deducted this amount from her AFDC grant.

In December 1973, Ms. Crispen and her family moved to Spokane. Mr. Marshall continued to reside with them and continued to make the monthly payment. She reapplied for public assistance. The Spokane office of DSHS reviewed her file, granted her application on January 2, 1974, determined that Mr. Marshall was an assumptive spouse, and reduced her grant by $30. Ms. Crispen requested an administrative hearing, following which DSHS concluded on February 28, 1974, that Mr. Marshall was not an assumptive spouse, but was a roomer as defined in WAC 388-28-530(1)(b) and entitled to a $5 exemption. This determination was appealed to the Superior Court where it was affirmed on October 8, 1974. The court entered the following conclusions of law:

### II.
*The conclusion of the Department* in the Administrative Decision of February 28, 1974, *that Mr. Marshall is* not an assumptive spouse but *a roomer is conclusive and final.*

(Italics ours.) and:

### III.
Since it was not decided in the Administrative Decision of February 28, 1974, this action shall be remanded on the issue of whether the $30.00 paid to petitioner by Mr. Marshall is earned income and thus exempt under the 30 and ⅓ rule of WAC 388-28-570(6)(a).

Pursuant to these conclusions, the matter was remanded to DSHS.

On remand, DSHS entered a decision on December 26, 1974, that:

Appellant [Ms. Crispen] is entitled to the $5.00 deduction in computing net income in receipt of rent from a roomer as expressed in WAC 388-28-530(1)(b), but she is not entitled to the thirty and one-third (30-⅓) exemption allowed in WAC 388-28-570(6)(a) since the room

rent she receives is not earned income within the meaning of Department Regulations.

This decision was affirmed on appeal to the Superior Court on June 3, 1975.

Ms. Crispen appeals to this court, contending that the DSHS denial of the earned income exemption was clearly erroneous, arbitrary, and capricious and should be reversed. We agree.

█ In the initial appeal, the court on October 8, 1974, affirmed a conclusion that Mr. Marshall was a roomer and not an assumptive spouse. The court's conclusions of law affirming that determination were "conclusive and final." Implicit in that determination is the conclusion that the $30 payment received by Ms. Crispen is income from "operating a . . . rooming home." *See* WAC 388-28-530(1). No appeal was taken from that determination nor has any error been assigned to it in this appeal.

The remand was ordered to determine if the $30 paid to Ms. Crispen by her roomer was "earned income" and thus exempt under the 30 and ⅓ rule of WAC 388-28-570(6)(a). To constitute earned income under WAC 388-28-530, the recipient must be engaged in (1) the management, and (2) the operation of a rooming home. As indicated above, it had already been determined that Ms. Crispen was engaged in the operation of a rooming home by virtue of the conclusion that she had a roomer. Thus, the only determination left for DSHS on remand was to decide if she was *managing* the rooming home. The record is clear that Ms. Crispen is the sole proprietor of and living in the rooming home that she was found to be operating and that she pays the expenses of that home. Of necessity, Ms. Crispen is the manager. She is the only person who could be the manager in the circumstances of this case.

On the record before us, the decision that Mr. Marshall is a roomer in Ms. Crispen's rooming home forecloses the denial of the earned income exemption. Ms. Crispen cannot be entitled to the $5 exemption for having a roomer without being entitled to the earned income exemption. Thus,

the DSHS decision of December 26, 1974, is clearly erroneous on its face and the trial court erred when it affirmed that decision.

We are aware that in the reasons given for its decision on remand, DSHS stated that Ms. Crispen did not seem to be operating or managing a rooming home "as such." However, this reason is contradictory to its February 28, 1974, determination that Mr. Marshall was a roomer, which was affirmed and stated to be "conclusive and final" at the time the court directed the remand. This prior determination was final and not subject to redetermination by DSHS. Notwithstanding the stated reason, DSHS in its decision on remand reaffirmed the prior determination that Mr. Marshall was a roomer, thereby recognizing that Ms. Crispen was operating a rooming home.

Considering all of the circumstances, we are constrained to reverse and direct that the earned income exemption provided for in WAC 388-28-570 (6) (a) be allowed.

McINTURFF, C.J., and MUNSON, J., concur.